**COHELAN KHOURY & SINGER**
Isam C. Khoury (SBN 58759)
ikhoury@ckslaw.com
Michael D. Singer (SBN 115301)
msinger@ckslaw.com
Jeff Geraci (SBN 151519)
jgeraci@ckslaw.com
605 C Street, Suite 200
San Diego, CA 92101
Telephone: (619) 595-3001 / Fax: (619) 595-3000

**FERRARO EMPLOYMENT LAW, INC.**
Nicholas J. Ferraro, Esq. (306528)
nick@ferraroemploymentlaw.com
2305 Historic Decatur Road, Suite 100
San Diego, CA 92106
Telephone: (619) 693-7727

Attorneys for Plaintiff Jose Loreto, on behalf of himself
and all others similarly situated

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LORETO, on behalf of himself and all others similarly situated, <br><br> Plaintiff <br><br> v. <br><br> GENERAL DYNAMICS INFORMATION TECHNOLOGY, INC., a Virginia Corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. **'19 CV 1366 GPC MSB** <br><br> **CLASS ACTION AND** <br> **FLSA COLLECTIVE ACTION** <br><br> **1.  Failure to Pay Overtime Wages (Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*.)** <br><br> **2.  Failure to Pay Overtime Wages (Lab. Code § 1194)** <br><br> **3.  Failure to Timely Pay Wages at Separation (Lab. Code §§ 201-203)** <br><br> **4.  Failure to Provide Accurate Itemized Wage Statements (Lab. Code §§ 226(a) and (b))** <br><br> **5.  Failure to Provide All Premium Wages (Lab. Code § 226.7)** <br><br> **6.  Violation of Unfair Business Practices Act (Bus. & Prof. Code §§ 17200-17208)** <br><br> **DEMAND FOR JURY TRIAL** |

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Plaintiff JOSE LORETO ("Plaintiff"), on behalf of himself, and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.     This is a class and collective action against Defendant GENERAL DYNAMICS INFORMATION TECHNOLOGY, INC. and DOES 1-10 (collectively "Defendants" or "GDIT"). Plaintiff brings this action on behalf of himself and all other non-exempt employees of Defendant who worked in California ("Class Members") at any time during the four years preceding the filing of this action through the time the time of trial ("Class Period"), and in the United States ("Covered Employees") at any time in the three years preceding the filing of this action ("FLSA Class Period").

2.     During the Class and FLSA Class Period, Defendants had a consistent policy of that did not accurately calculate the regular rate of pay for non-exempt employees because it failed to add all remuneration earned, included bonuses, cash in lieu of benefits, and other amounts, in violation of California and federal wage and hour laws.

## JURISDICTION AND VENUE

3.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq. Diversity subject matter jurisdiction exists pursuant 28 U.S.C. § 1332(d)(2) as amended by the Class Action Fairness Act of 2005, because at least some members of the proposed class have different citizenship from some defendants, and the claims of the proposed class members exceed five million dollars ($5,000,000) in the aggregate.

4.     Diversity of citizenship exists between Plaintiff Jose Loreto, a citizen of California, and Defendant GDIT, a Virginia corporation.

5.     The exact damages of Plaintiff and the Class are unknown, but Plaintiff reasonably believes they exceed $5,000,000 in the aggregate.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint

6.     This Court has personal jurisdiction over Defendant because Defendant purposefully availed itself of the privilege of conducting business in the State of California, in this judicial district.

7.     Venue is proper in this district because a substantial part of the events and omissions giving rise to the claims occurred in this district. Venue is proper in this district also because there is personal jurisdiction in this district over Defendant. Presently and at all relevant times, Defendant has conducted substantial, continuous and systematic commercial activities in this district.

## PARTIES

**A.     The Plaintiff**

8.     Plaintiff Jose Loreto is over the age of 18, and at all relevant times, a California citizen.

**B.     The Defendants**

9.     Plaintiff is informed, believes, and alleges: Defendant General Dynamics Information Technology, Inc. is a Virginia corporation, which conducts business in the County of San Diego, was the employer of Plaintiff and Class Members during the Class Period; and, also employed Covered Employees in Virginia, Louisiana, Texas, Mississippi, Colorado, Georgia, and Washington, D.C.

10.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued as DOES 1 through 10, inclusive, are unknown to Plaintiff, who sues Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes, and alleges, each of DOE Defendant is legally responsible in some manner for the unlawful acts alleged. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of DOE Defendants when known.

11.     Plaintiff is informed, believes, and alleges each Defendant acted in relation to this action as the agent of the others, carried out a joint scheme, plan or policy, and the acts of each Defendant are legally attributable to the others.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

## GENERAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

12.     At all times during the Class Period, Defendants conducted business and employed Plaintiff and Class members in San Diego County, California.

13.     Plaintiff and Class members were non-exempt employees, covered by Defendants' policies and Industrial Welfare Commission (IWC) Wage Orders, including 7-2001, Labor Code § 1194, the FLSA, and/or other orders, regulations and statutes, throughout the Class Period.

## PLAINTIFF'S EXPERIENCE

14.     Plaintiff was employed by GDIT in San Diego County, California as a Maintenance Technician, and later a Maintenance Worker, from February 2016 through the present.

15.     Plaintiff was classified as a non-exempt employee by Defendants throughout his employment and paid cash in lieu of benefits each pay period.

16.     Defendants paid Plaintiff a lump sum payment of about $290 each pay period. The payment varies based on unidentified factors and is purportedly provided as cash in lieu of benefits. This payment is listed as "HEALTH WELF BENEFT" on Plaintiff's wage statements. Plaintiff believes he receives this payment because he opted out of Defendants' company-provided health insurance coverage.

17.     Plaintiff further alleges Defendants may provide cash in lieu of benefits payments to employees which may bear the same or different description on each aggrieved employee's wage statement.

18.     Plaintiff also receives a nominal "LTD CREDIT," described as a "Taxable Fringe Benefit" on his wage statements. Like the "HEALTH WELF BENEFT," the "LTD CREDIT" is not included in his regular rate of pay for purposes of overtime wages, meal and rest period premium wages, and any other wages based on the regular rate of pay. The "LTD CREDIT" is another example of remuneration Defendants do not include in Plaintiff's regular rate of pay.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint

19.   In pay periods Plaintiff earned overtime or meal and rest period premiums, Defendants' calculated and paid Plaintiff based only on his hourly straight time rate, not his regular rate, which includes the "HEALTH WELF BENEFT" and the "LTD CREDIT." Defendants underpaid Plaintiff and Class Members by not including all forms of remuneration, including the "HEALTH WELF BENEFT" and "LTD CREDIT," in the regular rate of pay from 2016 through 2019.

20.   Defendants issued wage statements to Plaintiff and, on information and belief, other Class members, with the incorrect name and address of the legal entity that is the employer, and inaccurately state the gross wages, total hours worked, net wages earned, applicable hourly rates in effect and the number of hours worked at each hourly rate.  These wage statement defects are the result of Defendants' failure to pay overtime and meal and rest period premiums at the regular rate of pay, thus rendering the wage statement total amounts inaccurate.

21.   Defendants' wage statements fail to include pay for all overtime wages and premiums at the lawful regular rate of pay, which render the wage statements inaccurate, incomplete, and unlawful.

22.   Many of Defendants' wage statements, for example for the period ending April 26, 2019, do not include the applicable hourly rates in effect and the corresponding number of hours worked at each hourly rate, thus rendering the wage statements inaccurate and confusing to Plaintiff and Class Members.

23.   Defendants fail to show the overtime rate payable to Plaintiff and other similarly-situated employees on each wage statement. Defendants categorize certain hours as "Overtime Strght Time," state the number of hours worked in that wage category, but fail to show the applicable hourly rate in effect for overtime. Similarly, the wage statements show an "Overtime Premium" category, state the number of hours worked, but fail to show the hourly rate. Defendants list under the "Rate" section of some wage statements issued to Plaintiff numerals such as

Class Action Complaint

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

"17.20" and "8.60" without further description, although other entries include the symbol "$" to make clear the number refers to an amount of money.

24.   Defendants' wage statements incorrectly state the total hours worked by Claimant and other aggrieved employees.  For example, on Claimant's wage statement for the pay date March 7, 2019, Defendants list "88.00" total hours worked, but include hours listed in both the "Overtime Strght Time" and "Overtime Premium" categories. This overstates Claimant's hours worked.  In this pay period, for example, Claimant worked only 4.0 hours of recorded overtime, yet total hours worked show double that amount.

25.   Defendants' wage statement violations fail to include paid sick leave accruals and balance in violation of California Labor Code section 246.

26.   Plaintiff is informed and believes, and alleges, Defendants knew or should have known Plaintiff and Class Members were entitled to receive all meal periods or payment of one additional hour of pay at their respective regular rate of pay when they did not receive a compliant meal period. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive all meal periods or payment of one additional hour of pay at their regular rate of pay when they did not receive a compliant meal period.

27.   Plaintiff is informed, and believes, and alleges, Defendants knew or should have known Plaintiff and Class Members were entitled to receive all rest breaks or payment of one additional hour of pay at the regular rate of pay when they did not receive a compliant rest period. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive all rest breaks or one additional hour of pay when they did not receive a compliant rest period.

## FLSA COLLECTIVE ACTION

28.   Plaintiff brings the First Cause of Action for violations of FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all Covered Employees during the FLSA Class Period.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

29.	At all relevant times, Plaintiff and Covered Employees have been similarly situated, with similar pay provisions, and been subject to Defendants' common practices, policies and procedures of willfully failing to pay legally required time-and-a-half rates for work in excess of 40 hours per workweek, including by failing to include all compensation to determine the regular rate of pay.  Plaintiff's claims are similar to those of the other Covered Employees.

30.	The First Cause of Action is properly brought and maintained as an opt-in collective action. FLSA, 29 U.S.C. 216(b). Covered Employees names and addresses are readily available from Defendants and can be provided notice by first class mail to the last address known to their employer.

31.	Plaintiff Jose Loreto's signed consent is attached as Exhibit "A." Plaintiff is informed, believes and alleges many other Covered Employees will sign and file consents to join this lawsuit if given the opportunity to do so.

## CALIFORNIA CLASS ACTION

32.	Plaintiff brings this action on behalf of himself and all similarly-situated persons in California. Code of Civil Procedure Section 382. The class Plaintiff seeks to represent is defined as:

**Plaintiff Class**

All Defendants' non-exempt California employees employed at any time during the period four (4) years before the filing of the Complaint to the time of trial.

33.	Plaintiff seeks to certify a subclass of employees defined as:

**California Overtime Subclass**

All Plaintiff Class members who were not paid all overtime wages at the correct regular rate of pay for hours worked over eight (8) hours per day or forty (40) hours per week.

///
///
///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

34.    Plaintiff seeks to certify a subclass of employees defined as:

**Waiting Time Subclass**

All Plaintiff Class members to whom Defendants failed to pay all wages due to them upon termination or resignation.

35.    Plaintiff seeks to certify a subclass of employees defined as:

**Wage Statement Subclass**

All members of the Plaintiff Class to whom Defendants improperly failed to provide accurate itemized wage statements under Labor Code § 226(b).

36.    Plaintiff seeks to certify a subclass of employees defined as:

**Premium Wage Subclass**

All members of the Plaintiff Class who were paid premium wages for a meal period not provided or a rest period not permitted or authorized.

37.    Plaintiff seeks to certify a subclass of employees defined as:

**UCL Subclass**

All members of the California Overtime Subclass.

38.    This action has been brought and may be maintained as a class action pursuant because there is a well-defined common interest of many persons and it is impractical to bring them all before the court. Code of Civil Procedure § 382. Plaintiff reserves the right to modify the Class description or further divide it into subclasses or limit it to particular issues. Rule 3.765(b). California Rules of Court,

39.    **Ascertainability**:  The  proposed  Class  and  Subclasses  are ascertainable because they can be identified and located using Defendants' payroll and personnel records.

40.    **Numerosity**: The potential members of the Class and Subclasses as defined is so numerous that joinder of all members would be infeasible and impractical. The disposition of their claims through this class action will benefit

Class Action Complaint

both the parties and this Court. The number of members of the Class and Subclasses is unknown to Plaintiff, but is estimated to be in excess of 100 individuals. The number and identity of members can be readily ascertained using Defendants' records.

41. **Typicality**: Plaintiff's claims are typical of Class and Subclass Member's because all sustained similar injuries and damages arising out of Defendant's common course of conduct in violation of law and the injuries and damages of all members of the Class and Subclasses were caused by Defendant's wrongful conduct in violation of law, as alleged.

42. **Adequacy**: Plaintiff is an adequate representative of the Class and Subclasses, will fairly protect the interests of Class and Subclass members, has no interests antagonistic to Class and Subclass members, and will vigorously pursue this suit. Plaintiff's attorneys are competent, skilled and experienced in litigating large employment law class actions.

43. **Superiority**:  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Each Class member has been damaged, and is entitled to recovery, by Defendant's unlawful policies. A Class action will allow litigation of claims in the most efficient and economical manner for the parties and judicial system. Plaintiff is unaware of any likely difficulties in managing this action that precludes a class action.

44. The predominating common questions of law and fact include:

a. Whether Defendants violated the law by failing to properly calculate Plaintiff Class members' regular rate of pay;

b. Whether Defendants violated California law by failing to properly compensate Plaintiff Class members for all overtime hours;

c. Whether Defendants violated federal law by failing to properly compensate Plaintiff Class members for all overtime hours;

d. Whether Defendants violated California law by failing to properly

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

compensate Plaintiff Class members for all compensation based on the regular rate of pay;

e.    Whether Defendants violated § 226 by failing to provide Plaintiff Class members with accurate itemized wage statements;

f.    Whether the Plaintiff Class is entitled to waiting time penalties under § 203;

g.    Whether Defendants violated Labor Code §§ 203, 226, 1194; IWC Wage Order 7-2001, and other applicable IWC Wage Orders, and whether that establishes a violation of fundamental public policy;

g.    Whether Plaintiff Class and Subclasses are entitled to equitable relief pursuant to Business and Professions Code, §§ 17200, *et seq.*

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Failure to Pay Overtime Wages [FLSA - 29 USC § 207]

45.    Plaintiff incorporates the preceding paragraphs of this Complaint.

46.    At all relevant times, each Defendant has been, and continues to be, an "employer" engaged in "interstate commerce" within the meaning of FLSA, 29 U.S.C. § 203, and each Defendant has employed, and continues to employ the Covered Employees as "employee[s]" within the meaning of the FLSA.

47.    Defendant employed Plaintiff and the FLSA Covered Employees to work, and they did work, in excess of forty (40) hours per week.

48.    Defendant failed to pay Plaintiff and the FLSA Covered Employees for work in excess of forty (40) hours per week at one and one half times the regular rate of pay for each Employee.

49.    Plaintiff seeks judgment against Defendant on his own behalf, and on behalf of each FLSA collective employee, for all unpaid wages, including overtime wages owed by Defendant, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

**SECOND CAUSE OF ACTION**
**Failure to Pay Overtime Wages [Labor Code § 1194]**
**(Plaintiff and the California Overtime Subclass against Each Defendant)**

50.     Plaintiff incorporates the preceding paragraphs of this Complaint.

51.     Defendant employed Plaintiff and Class Members to work, and they did work, in excess of eight hours per day and forty hours per week.

52.     Defendant failed to pay Plaintiff and Class Members for work in excess of eight hours per day and forty hours per week at one and one half times the regular rate of pay in violation of Labor Code § 1194.

53.     Defendants' unlawful acts deprived Plaintiff and Class Members of overtime wages in amounts to be determined at trial, and they are entitled to recover these amounts, along with interest, attorneys' fees, and costs.

**THIRD CAUSE OF ACTION**
**Failure to Pay Wages Due at Termination [Labor Code § 203]**
**(Plaintiff and the Waiting Time Subclass against Each Defendant)**

54.     Plaintiff incorporates the preceding paragraphs of this Complaint.

55.     Defendants had a consistent and uniform policy, practice and procedure of willfully failing to pay their employees all final wages due within the time required by law. Labor Code §§ 201 and 202. An employer that willfully fails to timely pay such wages must, as a penalty, continue to pay an employee's wages until the back wages are paid in full or an action is commenced. Labor Code § 203. The penalty cannot exceed 30 days of wages.

56.     Waiting Time Subclass Members no longer work for Defendants.

57.     Defendants knew wages were due them, but willfully failed to pay Waiting Time Subclass Members all wages due at termination or within seventy-two (72) hours of resignation, in violation of Labor Code § 203.

///

///

- 10 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

## FOURTH CAUSE OF ACTION
### Failure to provide itemized wage statements [Labor Code § 226(a)]
### (Plaintiff and the Wage Statement Subclass against Each Defendant)

58.     Plaintiff incorporates all preceding paragraphs of this Complaint.

59.     Defendants are required to provide wage statements itemizing all deductions from payment of wages and to accurately report, among other things, total hours worked by Plaintiff and proposed Class members, and all hourly rates earned. Labor Code § 226. Defendants knowingly and intentionally failed to comply with this provision by, among other things, providing wage statements to Plaintiff and Class Members which failed to accurately set forth all compensation at the correct hourly rates earned.

60.      Based on Defendants' knowing and intentional failure to provide accurate itemized wage statements, Plaintiff Wage Statement Subclass members are entitled to actual damages or penalties not to exceed $4,000 for each employee together with interest and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
### Failure to provide all premium wages [Labor Code § 226.7]
### (Plaintiff and the Premium Wage Subclass against Each Defendant)

61.     Plaintiff incorporates all preceding paragraphs of this Complaint.

62.     When its non-exempt employees are not provided compliant meal periods or are not authorized or permitted compliant rest periods, Defendants are required to pay such employees premium wages of one (1) hour of pay at their regular rate of compensation for each day the meal or rest period was not provided or permitted.

63.     Defendants failed to comply with Labor Code § 226.7 by failing to provide or correctly calculate Subclass members' regular rate for premium wages.

///

///

Class Action Complaint

**SIXTH CAUSE OF ACTION**
**Violations of the Unfair Competition Law**
**[Business and Professions Code §§ 17200 et seq.]**
**(Plaintiff and the Overtime Wage Subclasses against each Defendant)**

64. Plaintiff incorporates all preceding paragraphs of this Complaint.

65. Defendants' failure to pay Plaintiff and Class Members for all hours worked, as required by Wage Orders and the Labor Code, constitutes unlawful activity prohibited by Business and Professions Code §§ 17200, et seq.

66. Defendants' actions constitute false, unfair, fraudulent and deceptive practices, within the meaning of Business and Professions Code, §§ 17200, et seq.

67. Plaintiff is entitled to an injunction, specific performance under Business and Professions Code, § 17202, and other equitable relief against such unlawful practices in order to prevent future loss, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits. Plaintiff brings this cause individually and as a member of the general public as a representative of all others subject to Defendants' unlawful acts and practices.

68. This cause of action is brought as a cumulative remedy and is intended as an alternative remedy for restitution for Plaintiff, and each Plaintiff Class Member, for the four (4) year period before the filing of this Complaint, and as the primary remedy during the fourth year before the filing of this Complaint. Business and Professions Code § 17205.

69. As a result of Defendants' unlawful and unfair business practice of failing to pay earned wages, each Plaintiff Class Member has suffered damages and is entitled to restitution in an amount according to proof.

70. The illegal conduct alleged is continuing and there is no indication Defendants will discontinue such activity. Plaintiff alleges if Defendants are not enjoined from the conduct set forth in this Complaint, they will continue to fail to pay all overtime, premium, and final wages as required by law.

///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint

71.     Plaintiff further requests the court issue a preliminary and permanent injunction prohibiting Defendants from continuing to fail to pay overtime wages at the lawful regular rate.

## PRAYER FOR RELIEF

Plaintiff prays for judgment as follows:

A.     Determine this action may be maintained as a class action with Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

B.     Determine this action may be maintained as a collective action, with Plaintiff serving as Class Representative and his counsel serving as Class Counsel;

C.     For Facilitated Notice under 29 USC § 216(b);

D.     All overtime wages, and interest, and an equal amount as liquidated damages pursuant to the FLSA, 29 U.S.C. § 207, et seq;

E.     Attorneys' fees and costs pursuant to statute, including, but not limited to, 29 USC § 216;

F.     Determine Defendants failure to pay overtime and premium wages to Plaintiff and Class members violates IWC Wage Orders, regulations and statutes;

G.     Defendants be ordered to pay and judgment entered for overtime and premium wages for Plaintiff and Plaintiff Subclass members, according to proof;

H.     Defendants be ordered to pay and judgment entered for Labor Code § 226 penalties to Plaintiff and Plaintiff Subclass member, according to proof;

I.     Defendants be ordered to pay and judgment entered for Labor Code § 203 penalties to Plaintiff and each Plaintiff Subclass member, according to proof;

J.     Defendants be found to have engaged in unfair competition in violation of Business and Professions Code § 17200 and be ordered to pay restitution to Plaintiff, and each Plaintiff Class member, due to Defendants' unlawful and unfair competition, including disgorgement of wrongfully obtained profits, and wrongfully withheld wages, according to proof, and interest, under Business and Professions Code §§ 17203 and 17204;

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

K.      Defendant be enjoined from further acts of unfair competition and specifically from failing to pay Class Members overtime wages;

L.      Plaintiff, Plaintiff Class members, and Subclass members be awarded attorneys' fees and costs pursuant to statute, including, but not limited to, Labor Code § 1194, and Code of Civil Procedure § 1021.5;

M.      Determine the appropriate remedy to compensate Plaintiff, Class and Subclass members, as required to promote fairness and justice, including but not limited procedures for compensation, and fluid recovery if appropriate;

N.      Prejudgment Interest; and

O.      Any other relief the court deems proper.

COHELAN KHOURY & SINGER
FERRARO EMPLOYMENT LAW, INC.

Dated: July 23, 2019          By: s/ Jeff Geraci _____
                                   Jeff Geraci, Esq.
                                   Attorneys for Plaintiff Jose Loreto, on behalf of
                                   himself and all others similarly situated

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial of all claims triable as of right by jury.

COHELAN KHOURY & SINGER
FERRARO EMPLOYMENT LAW, INC.

Dated: July 23, 2019          By: s/ Jeff Geraci _____
                                   Jeff Geraci, Esq.
                                   Attorneys for Plaintiff Jose Loreto, on behalf of
                                   himself and all others similarly situated

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint